MILLER and others *v.* SMITH and others.

*(Circuit Court, D. Rhode Island.    October 7, 1880.)*

1. DESIGN PATENTS.—Patents for designs, as well as for machines, are authorized by act of congress.

    Rev. St. § 4929.

2. SAME.—Regulations and provisions applicable to the obtaining or prohibition of patents for inventions or discoveries, not inconsistent with the existing patent act, apply to patents for designs, without modification or variation.

    16 St. at Large, 213.

    Rev. St. § 4933.

3. SAME—INFRINGEMENT—BURDEN OF PROOF.—Persons seeking redress for the infringement of such a patent must, as in the case of a machine patent, allege and prove that they are the original and first inventors of the improvement, and that the respondents have infringed the same.

4. SAME—LETTERS PATENT—PRIMA FACIE PRESUMPTION.—In such case, however, as in the case of patents for other inventions, the letters patent, when introduced in evidence, afford a *prima facie* presumption of such allegation, sufficient to entitle the complainants to a decree, unless they are overcome by competent proof of greater weight.

5. SAME—WANT OF NOVELTY—PROOF.—When the defence of want of novelty is made, it is the duty of the tribunal, whether court or jury, to give it effect; but such proof or testimony should be weighed with

care, and never be allowed to prevail where it is unsatisfactory, nor unless its probative force is sufficient to outweigh the *prima facie* presumption arising from the introduction of the patent.

*Wood* v. *Rolling Mill*, 4 Fisher, 550, 560.

*Parham* v. *Sewing Machine Co.* Id. 468, 482.

*Hawes* v. *Antisdel*, 8 O. G. 6852.

6. PATENT — DELAY IN APPLYING FOR.— Where an inventor keeps his invention a secret, mere delay in applying for a patent will not forfeit his right thereto, or bar his subsequent application; and delay of less than two years will not constitute a defence against a patent in any case.

7. SAME—EVIDENCE—EXHIBITS.—Exhibits introduced by a party without needful explanation, for the purpose of proving want of novelty, do not deserve and will not receive much consideration.

8. SAME—CLAIM.—A claim for sleeve buttons, and other jewelry, composed of the letters of the alphabet, having a certain described ornamentation, is not bad because it embraces more than one letter of the alphabet.

*Perry* v. *Starrett*, 14 O. G. 599.

9. SAME—INFRINGEMENT—IDENTITY.—Although it is doubtless true, in a general sense, that the test of infringement, in respect to the claims of a design patent, is the same as in respect to a patent for an art, machine, manufacture, or composition of matter, yet it is not essential to the identity of the design that it should be the same to the eye of an expert. If, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same; if the resemblance is such as to deceive such an observer, and sufficient to induce him to purchase one, supposing it to be the other,— the one first patented is infringed by the other.

*Graham Manuf'g Co.* v. *White*, 14 Wall. 511, 528.

10. DESIGN PATENT—ORNAMENTAL JEWELRY.—A design patent for jewelry, formed of letters of the alphabet of rustic pattern, with ornamentation of leaves placed at intervals upon the lines of each letter. considered and sustained.—[ED.

In Equity.

B. F. Lee, for complainants.

Livingston Scott, for defendants.

CLIFFORD, C. J.  Patents for designs, as well as for machines, are authorized by act of congress, the provision being to the effect that any person who, by his own industry, genius, efforts, and expense, has invented and produced any such new, useful, and original improvement, may obtain protection for his exclusive right, the same as in cases of other inventions or discoveries.  Rev. St. § 4929.  Letters patent

for such an invention were granted to the complainants, and they allege in the bill of complaint that the improvement is new, and a useful and original invention, and that the respondents have infringed their exclusive right to make, use, and vend the same to others for use. Service was made, the respondents appeared, and in the allegations of the bill were set up three principal defences, as follows: (1) That the complainants are not the original and first inventors of the alleged improvement; (2) that the charge that the respondents have infringed the patent is untrue; (3) that the alleged improvement was in public use, and on sale in the United States, more than two years before their application for a patent.

They also alleged to the effect that it had been patented or described, in some printed publication, prior to the supposed invention or discovery; which defence will be considered in connection with the first, that the complainants are not the original and first inventors of the supposed improvement.

Designs, it is admitted, are the proper subject of a patent, and the record in this case shows that the patent is for an alleged new and useful design for jewelry of the various kinds specified in the description given in the specification. It consists of the letters of the alphabet, shown by photographic illustrations, which are of a rustic pattern, ornamented by leaves, the claim being for sleeve buttons, and other jewelry, composed of the letters of the alphabet, and having the described ornamentation of letters, substantially as given in the description, and shown in the photographic illustration accompanying the application for a patent. Persons seeking redress for the infringement of such a patent, must, as in the case of a machine patent, allege and prove that they are the original and first inventors of the improvement, and that the respondents have infringed the same. Beyond doubt, they take that burden in the first place; but, as in the case of patents for other inventions, the letters patent, when introduced in evidence, afford a *prima facie* presumption that the first allegation is true, which is sufficient to entitle the complainants to a decree, unless it is overcome by competent proof of

greater weight. Rustic letters are employed, by which is meant, as the complainants allege, letters in which the necessary lines of the same represent the branches or trunks of trees, unstripped of the bark, the ornamentation consisting of several separate leaves placed at intervals upon the lines of each letter, the lines exhibiting the appearance of the bark of a branch or trunk of a tree, which design is used for ornamenting buttons, studs, lockets, and other articles of jewelry. Photographs of the improvement were taken directly from gold sleeve buttons, having leaves upon the letters in actual relief, as given in the descriptive portion of the specification. Sufficient appears to show that the complainants were jewelers, and that for a series of years they had been endeavoring to produce an initial-letter sleeve button which would be more ornamental and better suited for ladies' wear. Proofs were introduced showing many such experiments, and giving a history of the efforts to that end, and an account of the time and expenses incurred for its accomplishment, all of which resulted finally in producing the patented design. Experienced witnesses testify that they know of no other design relating to this class of goods which has been as successful as the subject of the patent in controversy; and the court is convinced that the invention is highly acceptable to the public and profitable to the patentee.

Want of novelty is set up in every form of pleading, not only in the form that the complainants are not the original and first inventors of the improvement, but that many persons had prior knowledge of the thing patented, and that the same was previously described and shown in certain specified printed publications. Attempt will not be made to examine the proofs in detail offered by the respondents in support of this defence, as it would serve no useful purpose, and would extend the opinion beyond all reasonable length. Regulations and provisions applicable to the obtaining or prohibition of patents for inventions or discoveries, not inconsistent with the existing patent act, apply to patents for designs, without modification or variation. 16 St. at Large, 213; Rev. St. § 4933. Expert witnesses were examined by the respondents to prove that the

patent is invalid, and they introduced a great number of patents and printed publications for the same purpose. Of the witnesses, one consists of an expert in penmanship, and the other is an expert in engraving and lithographing. They concur in the opinion that it requires no skill to produce the patented design of the complainants, to which the first witness added that it required nothing more than the ordinary skill of the draftsman, in view of the exhibits produced in evidence and referred to in the record. Prior patents and printed publications compose the body of the exhibits, and the complainants' witnesses show to the satisfaction of the court that they are utterly insufficient to overcome the *prima facie* presumption of the patent, when considered in connection with the patented articles manufactured by the complainants. Explanations as to the history of the invention were given by one of the complainants, and they also called an expert witness, who gives a full statement of the respondents' exhibits, and shows that none of them are of a character to supersede the patented invention. He points out the difference between figures in actual relief, such as are the subject of the patent in question, and figures where the effect is produced upon the eye merely by linear representation or artificial shading, as shown in several examples given in his testimony. Superadded to that, he shows the practical importance of the difference between a design of rustic letters ornamented with leaves, placed solely upon the necessary lines of the letters, and a rustic letter having branches and sprays of leaves springing from and around the same, as shown in some of respondents' exhibits. Exhibits introduced by a party without needful explanation do not deserve, and will not receive, much consideration. All such introduced by the respondents as were properly explained by their experts are clearly shown by the testimony of the expert called by the complainants to be insufficient to maintain the defence of want of novelty. His statements to that effect are unqualified, and his explanations are persuasive and convincing that the statements are true and reliable. None of the exhibits explained show a rustic letter in relief, ornamented with leaves in relief only upon the

main lines of the letter. Nothing of the exact kind is shown in these exhibits, nor is there anything which can be regarded as proof that the thing patented was known to others before the invention patented was made by the patentees. Many attempts are made to prove that fact, but the proofs all fall short of meeting the requirement. When the defence of want of novelty is made, it is the duty of the tribunal, whether court or jury, to give it effect; but such proof or testimony should be weighed with care, and never be allowed to prevail where it is unsatisfactory, nor unless its probative force is sufficient to outweigh the *prima facie* presumption arising from the introduction of the patent. *Wood* v. *Rolling Mill,* 4 Fisher, 550, 560; *Parham* v. *Sewing Machine Co.* Id. 468, 482; *Hawes* v. *Antisdel,* 8 O. G. 6852.

Inventors may, if they can, keep their inventions secret, and if they do it is a mistake to suppose that any delay to apply for a patent will forfeit their right to the same, or present any bar to a subsequent application. Nor does any different rule prevail in the case of a design patent. Delay less than for the period of two years constitutes no defence in any case; but the respondents may allege and prove that the invention in question had been in public use or on sale more than two years prior to the application of the party for a patent, and if they allege and prove that defence they are entitled to prevail in the suit. Due allegation in that regard is made in this case, but the record contains no proof to support it, and it must be overruled. From all which it follows that the patent is a good and valid patent, and that the complainants, if they have proved the alleged infringement, are entitled to a decree in their favor for the profits made by the respondents in the violation of their exclusive right to make, use, and vend the improvement secured by the letters patent. Prior to the alleged infringement, the complainants allege that they were in the exercise of the full and exclusive enjoyment of the franchise granted by the patent; and they charge that the respondents, having full knowledge of the premises, and of their exclusive right, have, without license, manufactured, used, and sold, and still continue to manufacture, use,

and sell various articles of the jewelry of the design invented by the complainants, and secured to them by their letters patent. Responsive to that charge, the respondents deny the same, and aver that the same is not true; and they also insist that the claim is bad, because it embraces more than one letter of the alphabet, which proposition is so obviously without merit that it is not deemed necessary to enter into any discussion of the topic. *Perry* v. *Starrett,* 14 O. G. 599; Simonds on Design Patents, 79. Speaking in the general sense, it is doubtless true that the test of infringement, in respect to the claims of a design patent, is the same as in respect to a patent for an art, machine, manufacture, or composition of matter; but it is not essential to the identity of the design that it should be the same to the eye of an expert. If, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same; if the resemblance is such as to deceive such an observer, and sufficient to induce him to purchase one, supposing it to be the other,—the one first patented is infringed by the other. *Gorham Manuf'g Co.* v. *White,* 14 Wall. 511, 528. Apply that rule to the case before the court, and it is so obvious that the charge of infringement is sustained by the proof, and by the comparison of the opposing exhibits, that it is scarcely necessary to give the matter any further examination. Both the testimony of the complainants' expert, and the comparison of the exhibits made by the court, are decisive that the manufacture by the respondents is, in the sense of the patent law, substantially the same as that of the complainants, which show that the complainants are entitled to an account.

Decree for complainants.

KNOWLES, D. J., concurred.